IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES SERIES, 2004-KS8H, <br><br> Plaintiff, <br><br> V. <br><br> H. WAYNE MEACHUM, <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § | No. 3:18-cv-2630-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

Defendant H. Wayne Meachum has filed a Motion to Remand, *see* Dkt. No. 9, to which Plaintiff the Bank of New York Mellon Trust Company, National Association fka the Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series, 2004-KS8H ("BNYM" or "Plaintiff") has

-1-

filed a response, *see* Dkt. No. 11. Meachum has not filed a reply, and his time to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(f).

For the reasons explained below, the Court should deny Defendant H. Wayne Meachum's Motion to Remand [Dkt. No. 9], construed as a Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3) motion to dismiss for, or suggestion of, lack of subject matter jurisdiction.

## Background

BNYM filed its Plaintiff's Original Complaint in this Court alleging:

### I. PARTIES

1. BNYM is the Plaintiff in this cause who is appearing through the undersigned counsel.

2. Defendant H. Wayne Meachum is an obligor under a loan agreement and may be served with process at his residence, 1707 Timbergrove Circle, Dallas, Texas 75208. Summons is requested.

### II. DIVERSITY JURISDICTION AND VENUE

3. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4. Plaintiff is a national association and trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Bank of New York is a national banking association that is chartered and has its main office in California. Plaintiff is therefore a citizen of California for diversity purposes. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

5. Defendant H. Wayne Meachum is an individual and citizen of the State of Texas.

6. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks to foreclose on its lien interest on the Property. The current payoff of the underlying note and the value of the Property

are is in excess of $75,000.00. Accordingly, the amount in controversy requirement has been met.

7. Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Dallas County, Texas.

### III. FACTS

8. On or about June 24, 2004 for value received, Meachum executed that certain Texas Home Equity Note (Fixed Rate – First Lien) ("Note") in the original principal sum of $264,000.00 bearing interest at the rate of 8.8750% per annum.

9. The Note is secured by that certain Texas Home Equity Security Instrument (First Lien) ("Security Instrument") of even date therewith, signed by Meachum filed for record in the Official Public Records of Dallas County, Texas, creating a valid lien on improved real property in Dallas County, Texas, commonly known as 1707 Timbergrove Circle, Dallas, Texas 75208 and being further described as follows:

> BEING LOT 1, BLOCK Y/5124 OF STEVEN FOREST PART, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 41, PAGE 89, MAP RECORDS, DALLAS COUNTY, TEXAS. (the Property").

10. Under the terms of the Note and Security Instrument, Meachum required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

11. The Note and Security Instrument further provide that should Meachum fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

12. Meachum has failed to make the payments on the Note and has failed to comply with any and all of the covenants and conditions under the terms of the Security Instrument. Notice of default and intent to accelerate was provided to Meachum. Meachum has not cured the default. As the default has not been cured, all unpaid principal and accrued interest on the Note have been accelerated and are due and payable at this time.

13. BNYM files this current lawsuit as the current beneficiary of the deed of trust and owner of the home equity loan.

### IV. CAUSE OF ACTION/FORECLOSURE

14. Plaintiff asserts a cause of action for judicial foreclosure against Meachum. BNYM is the current beneficiary of the deed of trust,

owner of the home equity loan, and holder of the Note. BNYM has fully performed its obligations under the loan agreement; however, Meachum failed to make the payments required under the Note, which constitutes an event of default thereunder.

     15. The Security Instrument permits BNYM to foreclose the Property should there be an event of default on the Note. Accordingly, BNYM seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment foreclosing on the lien and an order for sale.

     16. BNYM has been forced to hire the undersigned attorneys to pursue this claim; BNYM is therefore entitled to and seeks judgment against Meachum for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note and Security Instrument and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). BNYM seeks an award as a further obligation on the loan and not as a money judgment.

     17. All conditions precedent have been performed or have occurred. WHEREFORE, PREMISES CONSIDERED, BNYM prays that the Court declare that it may foreclose on the Property. BNYM further asks to recover its attorney's fees and costs and that it be awarded as a further obligation on the loan and all other relief to which it is entitled.

Dkt. No. 1 at 1-4.

Meachum filed his Original Answer combined with a Motion to Remand, in which he asserts:

     Pursuant to Federal Rule of Civil Procedure, Defendant H. Wayne Meachum filed this Motion to Remand and, subject thereto, files his Original Answer, respectfully showing the Court as follow:

### I. **MOTION**

     This lawsuit arises from an attempted foreclosure of Defendants' residence by Plaintiff. Plaintiff filed this cause herein alleging diversity jurisdiction. Defendant files this Motion for Remand seeking to have the case remanded to the State Court in Dallas County, Texas and, as grounds therefor, would show unto the Court that the State court is the proper jurisdiction for this case.

     Defendant owns and operates numerous full-service banking centers in the State of Texas including in the Northern District of Texas. Defendant avails itself of all of the legal and commercial benefits of a

>   corporate "citizen/resident" of the State of Texas including access to the court of the State of Texas anytime it chooses.
>   
>   Plaintiff's allegation of complete diversity in this case cannot be supported. The proper jurisdiction for this case is the State Court of Texas and this case should be remanded to that court.

Dkt. No. 9 at 1-2.

BNYM responds:

>   1. Plaintiff filed this action in this Court on October 2, 2018. [ECF No. 1.] Defendant H. Wayne Meachum ("Defendant" or "Meachum") was served on November 7, 2018. [ECF No. 8.] In its Complaint, Plaintiff demonstrated that this Court had jurisdiction over this matter based upon diversity of citizenship. [*Id.*] Specifically, Plaintiff did not share a state citizenship with Defendant because Plaintiff a national association and trustee of a trust is a citizen of California, where the trustee's main office is located and Defendant is an individual and a citizen of Texas. [*Id.*]
>   
>   2. On November 28, 2018, Meachum filed a motion to remand as part of his original answer (the "Motion to Remand"). [ECF No. 8.] In his Motion to Remand, Meachum asserts that this case should be remanded to state court because diversity of citizenship does not exist. [ECF No. 9.] Meachum claims that BNYM is a citizen of Texas because Defendant (sic) owns and operates numerous full-service banking centers in Texas and avails itself to all of the legal and commercial benefits of a corporate citizen. [*Id.*] Meachum has not presented any evidence to support his argument and has not contested whether the amount-in-controversy element of diversity jurisdiction exists. [*Id.*]
>   
>   3. Meachum's Motion to Remand should be denied since this case was originally filed in federal court. [ECF No. 1.] Therefore, remand is not an appropriate remedy, instead a Rule 12(h) motion to dismiss is appropriate. *White v. Commercial Standard Fire & Marine Co.*, 450 F.2d 785, 786 (5th Cir. 1971) (reversing order remanding case to state court when originally filed in federal court and finding that motion to dismiss for lack of jurisdiction is the appropriate request). Plaintiff has since filed an Amended Complaint, thus, even considering his motion to remand as a motion to dismiss for lack of jurisdiction, it is now moot.
>   
>   4. Further, Meachum has failed to demonstrate there is a lack of diversity of citizenship. It is well-established that a national association is a citizen of the state in which its main office is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). BNYM's main office is in New York and is therefore a citizen of the state of New York. *Bynane v. Bank of N.Y.*

*Mellon*, 866 F.3d 351, 359 (5th Cir. 2017) (finding BNYM as trustee is a citizen of the state of New York.) Meachum, by his own admission, is a citizen of Texas. [ECF No. 9 at 2] (admitting paragraph 5 in Plaintiff's Complaint that Meachum is a citizen of Texas.) Meachum's claims of BNYM's ownership of banks in Texas and availing itself to the benefits of being a Texas citizen is simply not relevant to determine its state citizenship for purposes of diversity jurisdiction. Accordingly, Meachum's Motion to Remand fails and should be denied.

Dkt. No. 11 at 1-3.

In its Plaintiff's amended Original Complaint – which BNYM timely filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) – BNYM corrected its jurisdictional allegations as follows:

### I. PARTIES

1. BNYM is the Plaintiff in this cause who is appearing through the undersigned counsel.

2. Defendant H. Wayne Meachum is an obligor under a loan agreement and may be served with process at his residence, 1707 Timbergrove Circle, Dallas, Texas 75208. Summons is requested.

### II. DIVERSITY JURISDICTION AND VENUE

3. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4. Plaintiff is a national association and trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Bank of New York is a national banking association that is chartered and has its main office in New York. Plaintiff is therefore a citizen of New York for diversity purposes. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

5. Defendant H. Wayne Meachum is an individual and citizen of the State of Texas.

6. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks to foreclose on its lien interest on the Property.

> The current payoff of the underlying note and the value of the Property are is in excess of $75,000.00. Accordingly, the amount in controversy requirement has been met.
> 7. Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Dallas County, Texas.

Dkt. No. 10 at 1-2.

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). And, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

In diversity cases under 28 U.S.C. § 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a). The Court cannot exercise jurisdiction if any

plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege ... the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

The Court can properly, under 28 U.S.C. § 1653, permit a party to remedy inadequate or mistaken jurisdictional allegations. *See In re Allstate Ins. Co.*, 8 F.3d 219, 221 n.4 (5th Cir. 1993); *Neeley v. Bankers Trust Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985). Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Under this provision, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts, as long as such allegations contain only formal mistakes." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 232 (5th Cir. 2016) (footnotes and internal quotation marks omitted). Section 1653 provides a method for curing defective allegations of jurisdiction "where the defect is merely one of the pleading and not one of an absence of proof of facts necessary to establish diversity of citizenship." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991). That is, courts may permot amendment where the circumstances presented do not implicate "[t]he danger against which a court must guard, [which] is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction" by making amendments to add claims, causes of actions, or parties to "create jurisdiction where it did not previously exist." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). Put another way, the Court

can, under Section 1653, permit a party to "'remedy inadequate jurisdictional allegations'" but not "'defective jurisdictional facts.'" *Id.* (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 n.5 (1989)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). And where a defendant files a Rule 12(b)(1) motion to dismiss, the attack of subject is considered "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

**Analysis**

Meachum's Motion to Remand does not properly ask the Court to remand this case to state court. "[B]ecause this case was filed originally in this court, not removed here, there is no basis to remand plaintiff's state-law claims to state court." *Mexico Foods, LLC v. Mi Rancho Meat Market*, No. 3:14-cv-2760-D, 2015 WL 891666, at *1 n.1 (N.D. Tex. Mar. 3, 2015).

But the Court can and should liberally construe Meachum's motion as a Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3) motion to dismiss for, or suggestion of, lack of subject matter jurisdiction. *Accord City of Alexander, Ark. v. Deep South Fire Trucks,*

*Inc.*, No. 2:14cv17-KS-MTP, 2014 WL 1671747, at *1 (S.D. Miss. Apr. 28, 2014) ("Although styled as a 'Motion to Remand,' the Court construes this filing substantively as a motion to dismiss for lack of subject matter jurisdiction since this action was originally filed in this Court.").

And the Court should, under Section 1653, permit BNYM to cure its mistaken or defective jurisdictional allegations of its citizenship, as its amended complaint has corrected its allegation to provide that BNYM is a New York, not California, citizen for diversity purposes.

As to how the Court determines BNYM's citizenship, BNYM correctly asserts that, where BNYM has filed suit in its capacity as trustee, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *See, e.g.*, *SGK Properties, L.L.C. v. U.S. Bank N.A. for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 939-40 (5th Cir. 2018). And, because BNYM is a national banking association that is chartered and has its main office in New York, BNYM is a citizen of New York for diversity purposes. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006); *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 359 (5th Cir. 2017). As BNYM correctly contends, under the governing case law, Meachum's claims of BNYM's ownership of banks in Texas and BNYM's availing itself of benefits of being a Texas citizen are irrelevant to determining BNYM's citizenship for purposes of diversity jurisdiction. *See Wachovia,*

546 U.S. at 312-19. And, where Meachum is undisputedly a Texas citizen, *see* Dkt. No. 9 at 2, BNYM has established complete diversity as section 1332 requires.

Finally, BNYM has adequately alleged – and Meachum has not challenged – that the amount in controversy requirement has been met.

The Court therefore has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## Recommendation

For the reasons explained above, the Court should deny Defendant H. Wayne Meachum's Motion to Remand [Dkt. No. 9], construed as a Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3) motion to dismiss for, or suggestion of, lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, expect upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415,1417 (5th Cir. 1996).

    DATED: February 4, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE