IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES SERIES, 2004-KS8H,<br><br>    Plaintiff,<br><br>V.<br><br>H. WAYNE MEACHUM,<br><br>    Defendant. | §§§§§§§§§§§§§§§§§§§ | No. 3:18-cv-2630-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. Dkt. No. 4.

Plaintiff The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificate Series, 2004-KS8 ("BNYM") has filed a motion for summary judgment. *See* Dkt. No. 27. Plaintiff H. Wayne Meachum filed a response, *see* Dkt. No. 35, and BYNM filed a reply, *see* Dkt. No. 37.

1

Meachum filed a sur-reply without leave of court. *See* Dkt. No. 38. BYNM filed a motion to strike the sur-reply, *see* Dkt. No. 39, and Meachum filed a response to the motion to strike, *see* Dkt. No. 40.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court grant the motion to strike and deny the motion for summary judgment.

## Background

On July 13, 2004, Meachum obtained a mortgage on his home, executed a Texas Home Equity Note (the "Note") requiring repayment in monthly installments, *see* Dkt. No. 28-1 at 10-5, and a Texas Home Equity Security Instrument (the "Deed of Trust") giving the lender the right to foreclose upon the property in the event of default, *see id.* at 27-44.

The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary and nominee for the lender, Homecomings Financial Network, Inc. *See id.* at 28. MERS assigned the Note and Deed of Trust to JPMorgan Chase Bank ("JPMC"), as Trustee, which, in turn, assigned the Note and Deed of Trust to BYNM. *See id.* at 46, 48.

Meachum did not make the October 1, 2005 payment or any subsequent monthly payments. *See id.* at 5, 54-61.

BYNM's loan servicer sent Meachum notice of default and intent to accelerate on November 7, 2012, *see id.* at 63-66, and notice of acceleration on April 19, 2016, *see id.* at 69-72.

On October 28, 2016, BNYM rescinded acceleration of the debt and informed Meacham that "[t]he Note and Security Interest are now in effect in accordance with their original terms and conditions as though no acceleration took place." *Id.* at 71-74.

BYNM sent Meachum notice of default and intent to accelerate on August 24, 2018, *see id.* at 77-78, and notice of acceleration on September 24, 2018, *see id.* at 80.

BNYM filed this action for judicial foreclosure against Meachum on October 2, 2018, *see* Dkt. No. 1, and now seeks summary judgment for breach of contract, *see* Dkt. No. 27. BYNM contends that the Note is a contract between the parties, Meachum's default is a breach of the contract, and it has completed all conditions precedent to be entitled to an order of foreclosure.

In his response, Meachum asserts that BYNM does not have authority to foreclose because it abandoned the most recent acceleration and did not subsequently send notices of default and acceleration. Meachum also argues that there is a fact question as to whether BYNM is the holder of the Note.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.,* 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is

'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and

4

not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d

at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation

marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he

must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I. <u>The Motion to Strike should be granted.</u>

Without leave of court, Meachum filed what is substantively a sur-reply, *see* Dkt. No. 35, which BYNM moves to strike, *see* Dkt. No. 39. In his response to the motion to strike, Meachum seeks leave to file the sur-reply because "[s]urely basic fairness requires that Defendant has the right to respond to Plaintiff's pleadings – regardless of how many times Plaintiff files a reply to Defendant's response to Plaintiff's latest filing." Dkt. No. 40 at 2-3.

The local rules do not permit a sur-reply to be filed without leave of Court. *See, e.g.,* N.D. TEX. CIV. R. 7.1(f) (allowing reply to be filed but not providing for sur-reply to be filed). The undersigned incorporated the local rules in its Supplemental Scheduling Order. It ordered Meachum to file a response to the motion for summary judgment

8

and allowed BNYM to file a reply to Meachum's response. See Dkt. No. 30; N.D. TEX. CIV. R. 7(e), (f). The undersigned further expressly disallowed the filing of a sur-reply: "[n]o supplemental pleading briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or response thereto without leave of court. See N.D. TEX. L. CIV. R. 56.7." *Id.* at 2-3.

Sur-replies are highly disfavored and are permitted only in exceptional or extraordinary circumstances. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). To meet its burden to show such circumstances, a party seeking leave to file a sur-reply brief must identify new issues, theories, or arguments that the movant raised for the first time in its reply brief or attempts to present new evidence at the reply stage. *See Weems v. Hodness*, No. 10-cv-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (citing *Lacher*, 147 F. Supp. 2d at 539-40); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-cv-1397-P, 2003 WL 251318, at *8 (N.D. Tex. Feb. 3, 2003).

Because "the movant is entitled to file the last pleading, [s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher*, 147 F. Supp. 2d at 539. But having the last word is the sole reason Meachum gives for seeking leave to file the sur-reply.

Accordingly, because Meachum neither sought leave of court to file a sur-reply nor demonstrated exceptional circumstances, the undersigned recommends that the Court grant the motion to strike.

II.   The Motion for Summary Judgment should be denied.

BNYM seeks summary judgment on its sole claim for judicial foreclosure. It asserts that Meachum's default was a breach of the terms of the Note and that it has completed all conditions precedent to exercise its right to foreclose.

The essential elements of a breach of contract claim in Texas are: "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)). "A breach occurs when a party fails to perform a duty required by the contract." *Smith Int'l, Inc. v. Engle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks omitted).

To show entitlement to an order authorizing foreclosure on a home equity loan in Texas, BYNM must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notices of default and acceleration. *See Huston v. US Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing TEX. PROP. CODE § 51.002).

The Note and Deed of Trust constitute a valid agreement between the Meachum and BYNM's predecessor for a debt secured by a lien created in the Deed of Trust under Article 16, Section 50(6) of the Texas Constitution, and Meachum's failure to make monthly payments as required by these instruments would result in

a breach of the Loan Agreement. Meachum does not dispute that he failed to make the October 1, 2005 payment and all subsequent monthly payments, that he properly received notice of default on August 24, 2018 and notice of acceleration on September 24, 2018, and that he failed to cure the default after receiving these notices.

But Meachum contends that BYNM does not have authority to foreclose because it subsequently abandoned or waived acceleration. And Meachum comes forward with a post-acceleration demand for a reinstatement fee that is less than the total amount owed on the Note.

Under Texas law, the issue of whether a lender has abandoned an earlier acceleration is determined by traditional waiver principals. *See Boren v. U. S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015); *Nasheed v. Ocwen Loan Servicing, LLC*, No. 3:16-cv-1575-L, 2016 WL 4039165, at *2 (N.D. Tex. July 28, 2016). Waiver requires: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Id.* (quoting *Thompson v. Bank of America Nat'l Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015); *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008)). Waiver can either be express as the result of a "clear repudiation of the right" or implied from "conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). Waiver is decided as a matter of law when the facts regarding a party's waiver of rights are undisputed. *Id.*

A lender can abandon its earlier acceleration by "requesting payment on less than the full amount of the loan." *Boren,* 807 F.3d at 106) (quoting *Leonard v. Ocwen Loan Serv., L.L.C.*, 616 F. Appp'x 677, 680 (5th Cir. 2015)). Meachum argues that BYNM "rescinded" the most recent acceleration on April 17, 2019, when the loan servicer sent him a mortgage account statement with a reinstatement amount that was less than the full amount due on the Note. *See* Dkt. No. 35-1.

In prior litigation between these parties concerning the same Note and Deed of Trust, the United States Court of Appeals for the Fifth Circuit held that the statute of limitations did not bar BYNM's 2013 attempt to foreclose because BYNM abandoned its 2006 acceleration when it sent Meachum a 2008 notice of default for an amount less that the full balance of the loan. *See Meachum v. Bank of New York Mellon Tr. Co.*, 636 F. App'x 210, 212 (5th Cir. 2016).

Although BYNM previously argued that its post-acceleration notice of default for an amount less than the full balance of the loan was an abandonment of acceleration, *see id.* at 212-13, it now argues that the monthly mortgage statement sent after acceleration with a reinstatement amount less than the full balance of the loan was not.

On August 24, 2018, the loan servicer, through its counsel, sent Meachum notice of default and intent to accelerate. *See* Dkt. No. 28-1 at 77-78. In the notice, Meachum was informed that the loan was in default, the "total balance due" as of the date of the notice was $441,621.38, and failure to cure the default within thirty days would result in an acceleration of the debt.

On September 24, 2018, the loan servicer, through its counsel, sent Meachum notice of acceleration:

> A default occurred under the terms of the Note. Notification was sent that default had occurred in the payment of the Note and that [the loan servicer] would accelerate the maturity of the Note if you did not cure the default. Because of your failure to cure the default, the maturity date of the Note was accelerated effective 9/24/18.
>
> All unpaid principal and accrued interest on the Note are due and payable at this time.

*Id.* at 80. The loan servicer then gave Meachum contact information "to obtain the precise amount due." *Id.*

BYNM filed this judicial foreclosure action on October 2, 2018. *See* Dkt. No. 1.

On April 17, 2019, the loan servicer sent Meachum a monthly mortgage statement. *See* Dkt. No. 35 at 7. Only the first page is included in the summary judgment evidence. The statement shows a Reinstatement Amount of $463,950.15 as of April 17, 2019 that is "due now." It also shows the Total Amount Unpaid of $692,530.03 and states that this balance may increase over time. The loan servicer further states:

> Our records indicate the loan is in foreclosure. Accordingly, this statement may be for informational purposes only.
> …
> The mortgage has been accelerated (the past due balance, all fees, and the remaining principal balance is now due in full). This statement is not considered a payoff quote — any additional fees and expenses that post to the account after the statement date must still be paid.

*Id.*

In construing almost identical language, a judge on this Court found as a matter of law that the lenders did not intend to waive their acceleration rights and

only the debtor's payment of the entire amount due and owing under the note, including interest and fees, would have been sufficient to stop the foreclosure sale of the property. *See Nasheed*, 2016 WL 4039165, at *3.

BYNM's intent is not so clear here. The last sentence on the statement, which is incomplete and apparently carries over to the next page, states that "[t]his account can still be reinstated (bringing the account to a current." Dkt. No. 35 at 7. The statement does not demand the accelerated balance but implicitly offers Meachum an option to reinstate.

 "Many courts have held that such statements, seeking less than the accelerated balance to cure a default, evidence the lender's abandonment of its prior acceleration." *Windsor Mortg. Holdings, Ltd., LLC v. Pyron*, Civil Action No. 2:17-cv-170, 2018 WL 1947847, at *6 (S.D. Tex. Apr. 25, 2018) (citing *Boren*, 807 F.3d at 106; *Leonard*, 616 F. App'x at 680; *Wheeler v. U.S. Bank N.A.*, No. H-14-0874, 2016 WL 554846, at *5 (S.D. Tex. Feb. 10, 2016)). And, although the statement was required by 12 U.S.C. § 1026.41, which dictates the information to be provided in periodic statements for residential mortgage loans, courts have held that that fact alone does not preclude a finding that a mortgage lender can abandon rescission in such a statement. *See id.* at *7.

Considering the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, the undersigned concludes that there is a question of fact as to whether BYNM intended to abandon the most recent

14

acceleration when it subsequently demanded a reinstatement amount that was less than the total amount due under the Note.

Meachum also challenges BYNM's authority to foreclose and argues that there is a question of fact as to whether BYNM is the holder of the Note. This argument is based on a chain of endorsements on the Note. The Note was originally endorsed to Homecomings Financial Network, Inc. ("HFN"). See Dkt. No. 28-1 at 10. HFN endorsed the Note to Residential Funding Corporation, which, in turn, endorsed it to JPMorgan. *See id.* at 17. There is no endorsement on the Note from JPMorgan to BYNM.

The assignments included in the summary judgment evidence establish that BYNM is the holder of the Note. *See id.* at 28, 46, 48. But, more importantly, even taking Meachum's allegations as true, the lack of an endorsement to BYNM on the Note is irrelevant. BYNM derives its authority to foreclose under the Deed of Trust, not the Note. *See Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 255 (5th Cir. 2013).

BYNM also seeks attorney's fees under the Sections 37 and 38 of the Texas Civil Practice and Remedies Code because it seeks a declaratory judgment to enforce the power of sale in the Deed of Trust through foreclosure of the property and because, in part, this is a breach-of-contract claim. It also seeks attorney's fees under the terms of the Note and Deed of Trust. *See* Dkt. No. 28-1 at 12, 39. But, because the Court should determine that there is a fact question concerning rescission, BYNM is not entitled to an award of attorney's fees at this phase of the proceedings.

## Recommendation

The Court should grant Plaintiff's Motion to Strike Defendant H. Wayne Meachum's Response to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment [Dkt. No. 39] and deny Plaintiff's Motion for Summary Judgment [Dkt. No. 27].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 29, 2020

                                DAVID L. HORAN  
                                UNITED STATES MAGISTRATE JUDGE